(879 P.2d 1145)
No. 70,699

In the Matter of the Estate of GARY LEE RAGSDALE, Deceased.

Opinion filed September 2, 1994.

*Philip E. Nonnemaker*, of Kansas City, Missouri, for appellant Ola Mae Perry.

*Denise L. Adams*, of Rosie M. Quinn & Associates, of Kansas City, for appellees Deborah Peterson and Beverly Adams.

Before BRISCOE, C.J., GERNON, J., and RICHARD A. MEDLEY, District Judge, assigned.

MEDLEY, J.: Ola Mae Perry appeals the trial court's ruling that she failed to timely file her claim against decedent Gary Ragsdale's estate.

The facts are essentially undisputed, and the court based its decision on oral argument as no evidence was presented.

Ragsdale and Perry had lived together off and on and, according to Perry, she was a wife to him, doing such things as cooking, washing, ironing, and exercising conjugal rights.

Ragsdale died intestate at Perry's home on February 27, 1993. Four days later, on March 3, 1993, Deborah Peterson and Beverly Adams, Ragsdale's sisters, filed a petition for their appointment as administratrices of the estate. On March 10, 1993, the notice of hearing and notice to creditors was first published. On March 11, 1993, Perry filed a petition for the issuance of letters to her, alleging she was Ragsdale's common-law spouse. Her notices were first published on March 17, 1993.

The court consolidated the two cases, all with Perry's knowledge. Discovery ensued, and, on May 19, 1993, a trial was held to determine if Perry and Ragsdale were common-law husband and wife. The court found that Perry failed to sustain her burden of proof and that the two were not married. There was, apparently, no allegation at this time that Perry had expected remuneration for her services.

Peterson and Adams were appointed administratrices of Ragsdale's estate on June 3, 1993. A notice of this hearing had been mailed to Perry seven days prior to that hearing.

On July 14, 1993, Perry filed a petition for allowance and classification of demands in the estate, claiming that she had performed various services and that she was entitled to a sum of $245,000.

The administratrices filed a petition to strike the claim, alleging it had not been filed within the four-month period after the first publication.

On August 17, 1993, a judge pro tem allowed the claim to be filed out of time. After a motion for rehearing, a district judge ruled that the claim was not timely filed.

Perry contends that she was an actual creditor of Ragsdale or at least a reasonably ascertainable one and that, accordingly, she was entitled to actual notice. The court rejected her contention based upon the flow of information doctrine and because of her knowledge of the death of Ragsdale and her active participation in the proceedings.

K.S.A. 1993 Supp. 59-2239(1) provides: "All demands . . . not exhibited . . . within four months after the date of the first published notice to creditors . . . shall be forever barred from payment."

The publication notice is to be to all persons concerned and notifies the creditors that they are required to exhibit their demands within four months of the date of the first published notice. K.S.A. 1993 Supp. 59-2236(a).

However, the representative of the estate shall give actual notice to "known or reasonably ascertainable creditors prior to the expiration of the nonclaim statute." K.S.A. 1993 Supp. 59-709(b).

This statute was passed by our legislature in 1989 as a response to *Tulsa Professional Collection Services v. Pope*, 485 U.S. 478, 490-91, 99 L. Ed. 2d 565, 108 S. Ct. 1340 (1988), which held that if a creditor's identity was known or reasonably ascertainable, then actual notice was necessary.

The *Pope* decision was discussed in *In re Estate of Pennington*, 16 Kan. App. 2d 792, 795-96, 829 P.2d 618 (1992), cited by both appellant and appellees herein.

In the instant case, Perry filed her petition claiming she was Ragsdale's wife. She never made a claim in her original petition, nor at any time until she filed her claim, that she was expecting remuneration for her services to Ragsdale. It was not until the attempt to be declared his widow failed that she altered her course and commenced a claim for services rendered.

In short, at the time the original notice to creditors was published, Perry could not have been a reasonably ascertainable creditor as defined in *Pope* and *Pennington* as far as actual notice is concerned. In *Pennington*, the claimant knew of the death of the decedent, had attended some of the hearings, and was unrepresented. In this case, Perry had been in the case from the outset, had the guiding hand of counsel, was involved in numerous hearings, and had herself caused a notice to creditors to be published.

Under the facts as exist here, we hold that at the time the notice to creditors was published, Perry was not a reasonably ascertainable creditor and, further, that Perry had actual knowledge of the notice to creditors. Her failure to timely file the claim was not the result of the insufficiency of the actual notice but the result of her failure to timely file a claim on the notice received.

Affirmed.